JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RLI INSURANCE COMPANY, an Illinois corporation,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>GARY F. HARCOURT, an individual; GARY F. HARCOURT dba GFH ARCHITECTURE PLANNING AND GRAPHICS, a sole proprietorship; BEHROOZ ABDI, an individual; SHARON ABDI, an individual<br><br>　　　　　　Defendants. | Case No.: 2:24-cv-01723-KS<br><br>**JUDGMENT**<br><br>Judge:　Hon. Karen L. Stevenson<br><br>Complaint filed: March 1, 2024<br>Trial Date:　　Not set |

　　　　Having considered the stipulation of the Parties and in consideration of the Order of the Court dated September 4, 2024 in which defendants Behrooz and Sharon Abdi (the "Abdis") agreed to be bound by any judgment as may be entered herein; and

　　　　**WHEREAS** on March 1, 2024, plaintiff RLI Insurance Company ("RLI") filed its Complaint for Declaratory Relief in this matter; and

| | |
|---|---|
| 1 | **WHEREAS** defendants Gary F. Harcourt, an individual and Gary F. Harcourt dba gfh Architecture Planning and Graphics, a Sole Proprietorship ("Harcourt Parties") have demonstrated to the satisfaction of the Court that they have considered the coverage position taken by RLI and have agreed that RLI may have judgment in its favor in the within action in exchange for payment by RLI of a nominal settlement amount to the Abdis and a waiver of RLI's right to reimbursement for attorney's fees and costs incurred in defense of a lawsuit and later arbitration proceeding styled *Behrooz Abdi et al. v. Hulton Development, Inc. et al.*, San Diego County Superior Court Case No. 37-2022-00016335 (the "Underlying Lawsuit") and *Behrooz Abdi et al. v. Harcourt & Kaufman Architects, LLP and Gary Harcourt dba H&K Architects LLP*, AAA Case No. 01-24-0009-3212 (the "Arbitration") and other good and valuable consideration; and |

**WHEREAS** RLI's payment and waiver of the right to reimbursement is contingent upon entry of judgment in its favor on the insurance coverage issue presented in the Complaint; and

**WHEREAS** as part of the resolution of this mater, the Harcourt Parties expressly waive the right to appeal any Judgment entered pursuant to this Stipulation; and

**WHEREAS** on August 30, 2024 RLI and defendants Behrooz and Sharon Abdi (the "Abdis") filed a Stipulation and Proposed Order [ECF 30] whereby RLI agreed to dismiss the Abdis from the within action without prejudice in exchange for an agreement by the Abdis to be bound by any judgment that may be entered against the Harcourt Parties; and

**WHEREAS** on September 4, 2024, the Court issued an Order dismissing the Abdis from the within action contingent on the Abdis' agreement to be bound by any judgment that may be entered against the Harcourt Parties [ECF 31];

**IT IS HEREBY ADJUDGED AND DECREED as follows:**

1. RLI shall have judgment in its favor and against all Defendants on the First, Second, Fourth and Fifth Claims for Relief to the effect that the RLI Policy attached to the Complaint never attached to the risk described in the Underlying Lawsuit or the Arbitration as to any person or entity who qualifies as an "insured," that RLI never had a duty to defend anyone against the allegations of the Underlying Lawsuit or the Arbitration, that RLI had and has the right to withdraw from the defense of the Underlying Lawsuit and Arbitration, and that RLI has the right to cease payments for attorney's fees and costs in defense of any party to the Underlying Lawsuit or Arbitration; and

2. The Third Claim for Relief for Rescission and Sixth Claim for Relief for Recoupment of Defense Fees and Costs is dismissed with prejudice as to all defendants; and

3. Pursuant to the Court's September 4, 2024 Order, this Judgment shall be binding upon the Abdis; and

4. Neither the Harcourt Parties nor the Abdis shall take anything by way of the Judgment; and

5. This Judgment shall be solely for declaratory relief as stated herein with no Party being entitled to any monetary recovery; and

5. As between the Harcourt Parties and RLI, each of the Parties expressly waives any contention that it is entitled to recover any attorney's fees or costs from the other, whether as a "prevailing party" or otherwise. Accordingly, each of the Parties shall bear its own attorney's fees and costs.

Dated: December 24, 2025

*/s/ Karen L. Stevenson*
HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE